**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

DAVID FLASH,
Plaintiff,
v.

Civil Action No. 4:26-cv-00004-DC-DF
JURY TRIAL

JEFF DAVIS COUNTY, TEXAS;
CURTIS EVANS, individually and in his
official capacity as County Judge;
VICTOR LOPEZ, individually and in his
official capacity as Sheriff;
GLEN EISEN, individually and in his
official capacity as County Attorney;
MARY ANN LUEDECKE, individually and in her
official capacity as Justice of the Peace;
ADRIANA RUILOBA, individually and in her
official capacity as Chief Deputy;
JOSEPH GIESBRECHT, individually and in his
official capacity as Deputy Sheriff;
KING MERRITT, individually and in his
official capacity as Deputy Sheriff; and
LISA DENNISON, individually,
Defendants.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT JEFF DAVIS COUNTY'S**
**VIDEO EXHIBITS (EXHIBITS 1-4) FROM MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff David Flash, by and through his undersigned counsel, respectfully

moves to strike Exhibits 1-4 (video footage) attached to Defendant Jeff Davis County's

Rule 12(b)(6) Motion to Dismiss (Dkt. 13) pursuant to Federal Rules of Civil

Procedure 12(d) and 12(f). In support thereof, Plaintiff states as follows:

## I. Introduction

1. Defendant's Motion to Dismiss improperly attaches and relies upon *extrinsic* evidence, specifically, three body-worn camera videos (Exhibits 2-4) and one Commissioner's Court meeting video (Exhibit 1) to refute the factual allegations in Plaintiff's Complaint. These videos are not incorporated by reference in the Complaint, their completeness is disputed, and they are not central to Plaintiff's claims. More troubling, Defendant has never produced or provided these video files to Plaintiff's counsel prior to filing. The unfairness is that despite that Plaintiff is not entitled to discovery the County introduces discovery under its exclusive control that Plaintiff has never seen, received, or had any opportunity to review what Defendant now asks this Court to rely upon.

2. Introducing such evidence at the 12(b)(6) stage violates the well-established rule that courts must accept the pleadings as true and assess only their facial plausibility. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The videos' inclusion attempts to convert the Motion to Dismiss into one for summary judgment under Rule 56 *without notice or discovery,* as required by Rule 12(*d*). *See Davis v. Ho*ward, 561 F.2d 565, 567, 570 (1977) (In *Enochs v. Sisso*n, 301 F.2d 125 (5 Cir. 1962), we held it an abuse of discretion to grant a summary judgment without proper notice and hearing as required by Rule 56.)

3. Defendant's use of video evidence never produced to Plaintiff implicates Rule 11. Attaching evidence Plaintiff has never seen to contradict well-pleaded allegations—effectively converting a 12(b)(6) motion into summary judgment without

notice—is an improper attempt to gain strategic advantage. *See* Fed. R. Civ. P. 11(b)(1); *Jordann v. Hall*, 275 F. Supp. 2d 778, 786 (N.D. Tex. 2003).

4. Procedural tactics designed to deny an opposing party fair opportunity to respond can violate Rule 11(b)(1) independently of the substantive merits. *See F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 577 (5th Cir. 2008). Here, Defendant's conduct is objectively unreasonable because attaching evidence never produced to opposing counsel—and asking the Court to rely on it to contradict well-pleaded allegations—is precisely the strategic surprise Rule 12(d) was designed to prevent.

5. Federal Rule 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." This conversion requirement serves crucial procedural safeguards. *Clark v. Tarrant County*, 798 F.2d 736, 746 (5th Cir. 1986), recognized that summary judgment "may not be used to cut off discovery." *See Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) (finding plain error where district court converted motion without adequate discovery opportunity, emphasizing that "discovery in a highly fact intensive case like this is critical").

6. Because Plaintiff has not had a "full, fair, and wholly adequate opportunity for discovery," *id.*, the Court should strike Exhibits 1-4.

## II. Factual Background

7. Plaintiff's Complaint alleges First Amendment retaliation, Fourth Amendment violations, and related constitutional claims arising from his arrest on June 27, 2025, while photographing a public Commissioner's Court meeting. The Complaint is based entirely on Plaintiff's firsthand account—what he personally experienced, observed, and said during the incident. (Dkt. 1.)

8. The Complaint acknowledges that body camera footage exists (Dkt. 1 ¶¶ 93, 97, 209, 260), but Plaintiff does not rely on the videos' content to establish his claims. He describes events from his own perspective—what he said, did, and experienced. When the Complaint states Flash said "Stop" and "I'm not resisting," this reflects Plaintiff's recollection, not reliance on video content he has never seen.

9. Defendant attaches four videos: one Commissioner's Court meeting video (Exhibit 1) and three body-worn camera videos from Sheriff Lopez, Chief Deputy Ruiloba, and Deputy Giesbrecht (Exhibits 2-4). (Dkt. 13 at 3-4.) Defendant claims these videos show no First Amendment violation and no excessive force. (Dkt. 13 at 7-8.) But whether an "arrest" occurred is not the issue—the issue is whether Defendants' conduct constituted unconstitutional retaliation and prior restraint.

10. No discovery has occurred. Defendant has never produced these specific video files to Plaintiff's counsel. Plaintiff has had no opportunity to review, authenticate, or challenge this evidence. Defendant has arguably opened the door to permit limited discovery if the videos are admitted under the Rule of Optional Completeness. See Fed. R. Evid. 106; *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-72 (1988).

### III. Argument

**A. The Videos Are Extrinsic Evidence Outside the Pleadings and Must Be Struck or Excluded Under Rule 12(d)**

11. On a Rule 12(b)(6) motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court "may further consider documents attached to the Rule 12(b)(6) motion 'that are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).

12. The general rule is that courts should consider a motion to dismiss based on the four-corners of the plaintiff's pleadings, not the evidence that Defendants may seek to introduce in response. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) ("A district court is limited to considering the contents of the pleadings and the attachments thereto when deciding a motion to dismiss under Rule 12(b)(6)."); *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) ("We may not look beyond the pleadings."). The Court may consider documents attached to a motion to dismiss only "if they are referred to in the plaintiff's complaint and are central to her claim." *Villarreal*, 814 F.3d at 766 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

13. Plaintiff's Complaint does not incorporate the videos by reference. Merely acknowledging that videos exist is not the same as relying on their content. "Simply because a video that captured the events complained of in the complaint exist does

not transform that video into a 'document' upon which the complaint is based." *Ramos v. Taylor*, 646 F. Supp. 3d 807, 815 (W.D. Tex. 2022); *see also Slippi-Mensah v. Mills*, 2016 WL 4820617, at *3 (D.N.J. Sept. 14, 2016) (same).

14. The Western District of Texas recently reaffirmed this principle: "…body camera footage merely depicting allegations in a complaint does not make that video central to a plaintiff's claims." *Nunn v. Converse Police Dep't*, 2025 WL 2946187, at *3 (W.D. Tex. May 22, 2025). The court emphasized that courts may consider body camera footage at motion to dismiss "only where the plaintiff's complaint itself relies on the footage." *Id.* (Where "Ms. Nunn did not attach the body camera footage to her pleading, nor did she rely upon the videos to make her claims," the court held it "may not consider the body camera footage at this early stage in the litigation." *Id.)*

15. Here, Plaintiff did not attach the body camera footage or Commissioner's Court meeting video to his Complaint, nor did he rely upon the videos to make his claims. Plaintiff's factual allegations are based entirely on his own firsthand experience— what he personally observed, said, and experienced during the arrest. The fact that cameras may have recorded these same events does not constitute incorporation by reference.

## B. Plaintiff's Firsthand Account Does Not Incorporate Videos He Has Never Seen

16. When a plaintiff describes events from his own firsthand experience, the fact that those events were also captured on video does not mean the plaintiff has incorporated videos he has never seen. In *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 318 (N.D. Tex. 2021), (…the court found that body camera footage was

not sufficiently incorporated even though the plaintiff "provided various statements in quotation marks that may have come from the footage," because "they were equally likely to have come from arrestee's recollection, and there was no indication that arrestee utilized the footage in any way while drafting complaint.")

17. The same is true here. When Plaintiff's Complaint states he said "Stop" and "I'm not resisting" (para. 97), this reflects Plaintiff's recollection of what he said—not reliance on video content. Plaintiff has never received or viewed the specific video files Defendant attached to its motion. Boilerplate language at paragraph 209 cannot establish incorporation when Plaintiff never viewed or relied on the videos' content.

18. The Western District of Texas recently granted a motion to strike bodycam footage under nearly identical circumstances. In *Lamar v. City of Cedar Park*, No. 1:25-cv-1031-DAE (W.D. Tex. Feb. 19, 2026), the City attached a 31-minute bodycam video to its motion to dismiss. The court granted the plaintiff's motion to strike, holding that, "a reference to the City's policies, which amongst many other requirements include the use of bodycam equipment, is [not] sufficient" to satisfy *Villarreal*'s requirement that the document be "referred to" in the complaint. *Id.* at *3. The same result is warranted here.

### C. Defendant's Failure to Produce the Videos Compounds the Procedural Violation

19. Defendant's conduct is particularly troubling because it has never produced these video files to Plaintiff's counsel. No discovery has occurred. Defendant is attempting to obtain summary judgment relief while avoiding Rule 56's procedural

protections—including Plaintiff's right to discovery, authentication, and an opportunity to respond to evidence, all of it.

20. Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 and, "… all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Advisory Committee Notes emphasize that conversion "insures that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise." Surprise to gain a litigation advantage is precisely what this Defendant attempts.

21. The Fifth Circuit has held that where district courts consider body camera footage not properly incorporated by the plaintiff, such dismissals should be treated as "an implicit conversion to summary judgment." *Hodge v. Engleman*, 90 F.4th 840, 847 (5th Cir. 2024). Plaintiff has received no notice, no discovery opportunity, and no chance to review or challenge this evidence. "[C]onversion of a motion to dismiss prior to commencement of discovery is unlikely to give parties a 'full, fair, and wholly adequate opportunity for discovery.'" *Luna v. American Nat'l Ins. Co.*, 2021 WL 4596571, at *3 (S.D. Tex. Oct. 6, 2021).

**D. Scott v. Harris Does Not Apply at the Pleading Stage**

22. Defendant implicitly invokes the principle from *Scott v. Harris*, 550 U.S. 372, 380 (2007), that courts need not accept allegations "blatantly contradicted" by video. But *Scott* was decided at summary judgment, not at the motion to dismiss stage. The

Fifth Circuit has applied the "blatantly contradicts" standard to Rule 12(b)(6) motions *only* where video is properly incorporated by reference. *See Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021) (applying standard only "where video recordings are included in the pleadings").

23. Here, the videos are not "included in the pleadings." Plaintiff did not attach them, did not rely on their content, and has never even seen them. Therefore, the *Scott* standard is inapplicable.

**E. Even If Considered, the Videos Create Factual Disputes Inappropriate for Resolution at the Pleading Stage**

24. Even if considered, the videos do not resolve this case at the pleading stage. Courts should not discount a plaintiff's account "unless the video evidence provides so much clarity that a reasonable jury could not believe" it. *Darden v. City of Fort Worth*, 880 F.3d 722, 730 (5th Cir. 2018). And footage "recording some—but not all—of an incident does not resolve disputes." *Id.* The videos here are incomplete—one perspective of a broader series of events that created genuine factual disputes inappropriate for resolution at this stage.

25. Defendant attaches only four videos—one from the Commissioner's Court meeting and three body-worn cameras from three officers. There may be additional footage, additional perspectives, and context that Defendant has not provided. Plaintiff has had no opportunity to review the videos for completeness, accuracy, or potential gaps. These factual disputes cannot be resolved at the pleading stage. *See McHugh v. St. Tammany Parish*, 2024 WL 3509561, at *4 (E.D. La. July 23, 2024)

("if resolution of a motion to dismiss turns on a factual dispute, it is more appropriately resolved on summary judgment or at trial").

26.

## IV. Conclusion And Prayer

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Strike Exhibits 1-4 from Defendant Jeff Davis County's Motion to Dismiss;

2. Decide Defendant's Motion to Dismiss on the pleadings alone, without reference to the disputed video exhibits;

3. Alternatively, if the Court wishes to consider the videos, convert the motion to summary judgment under Rule 12(d) and afford Plaintiff a reasonable opportunity for discovery before responding; and

4. Grant all other relief to which Plaintiff is entitled.

Respectfully submitted
*/s/ Lamar Treadwell*
Lamar D. Treadwell, Lead Trial Counsel
TBN: 20205000
1308 E. Common St., Suite 205
New Braunfels, Texas 78132
Office: (505) 660-0602
Lamar@treadwelltriallaw.com

SMITH AND VINSON LAW FIRM, PLLC
/s/ Jarrod Smith
Jarrod L. Smith
TBN: 24094095
jarrod@smithandvinson.com

/s/ Brad Vinson
Brad Vinson
TBN: 24100021
brad@smithandvinson.com

/s/ Elise Smith
Elise Smith
MBN: 0505942
elise@smithandvinson.com

1411 West Avenue, #124
Austin, Texas 78701
PH: (512) 368-9044
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff has complied with the requirement to confer. Counsel conferred by e-mail with counsel for Defendant Jeff Davis County, and upon conferring, counsel for Defendant is opposed to this motion.

/s/ Jarrod Smith

## CERTIFICATE OF SERVICE

I certify that on February 22nd, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all parties of record.

/s/ Jarrod Smith