**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

DAVID FLASH,
Plaintiff,
v.

JEFF DAVIS COUNTY, TEXAS;
CURTIS EVANS, individually and in his
official capacity as County Judge;
VICTOR LOPEZ, individually and in his
official capacity as Sheriff;
GLEN EISEN, individually and in his
official capacity as County Attorney;
MARY ANN LUEDECKE, individually and in her
official capacity as Justice of the Peace;
ADRIANA RUILOBA, individually and in her
official capacity as Chief Deputy;
JOSEPH GIESBRECHT, individually and in his
official capacity as Deputy Sheriff;
KING MERRITT, individually and in his
official capacity as Deputy Sheriff; and
LISA DENNISON, individually,
Defendants.

Civil Action No. 4:26-cv-00004
JURY TRIAL

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE
VIDEO EXHIBITS (EXHIBITS 1–4) FROM MOTION TO DISMISS**

Plaintiff David Flash files this Reply to Defendant Jeff Davis County's Response (Dkt. 25) to Plaintiff's Motion to Strike. The County's Response confirms the very procedural problem Plaintiff identified: the County asks this Court to look beyond the four corners of the Complaint and resolve factual disputes based on extrinsic video evidence that was never incorporated by reference nor central to an element of Plaintiff's claims. Further, the defendants seek to use the videos in support of *their* defense. The videos should be struck.

### I. The Videos Are Not "Referred To" in the Complaint Under *Villarreal*

1. The governing standard is clear. "A district court is limited to considering the contents of the pleadings and the attachments thereto when deciding a motion to dismiss under Rule 12(b)(6)." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). A document attached to a defendant's motion may be considered only "if [it is] referred to in the plaintiff's complaint and [is] central to her claim." *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). Both prongs must be satisfied. The County's Response fails on the first.

2. The County identifies five complaint paragraphs (¶¶ 93, 97, 100, 209, 260) that mention video or body camera footage. (Dkt. 25 at 3.) But acknowledging that cameras recorded an event is not the same as "referring to" specific video files for purposes of the *Villarreal* test. This Court addressed this precise distinction in *Ramos v. Taylor*, 646 F. Supp. 3d 807, 815 (W.D. Tex. 2022), holding that "[s]imply because a video that captured the events complained of in the complaint exist does not transform that video into a 'document' upon which the complaint is based." *Id*. at 816. The County does not cite or address *Ramos*.

3. *Ramos* is directly on point. There, the plaintiff's complaint went further than Flash's—it included a footnote hyperlinking to a YouTube video of the incident—yet the court still found this insufficient to constitute a "reference" under *Villarreal* because the hyperlink was included to criticize the video's accuracy, not to rely on its content. *Id.* Here, Flash's Complaint does not hyperlink to any video, does not identify any specific video file, and does not direct the Court to review any footage. Flash describes events from his own firsthand experience—what he personally observed, said, and experienced. That body cameras happened to record overlapping events does not transform Flash's firsthand account into a "reference" to specific video files he had never seen.

4. The County's reliance on *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309 (N.D. Tex. 2021), actually undercuts its position. In *Polnac*, the court held that body camera footage was

not incorporated, even though the plaintiff provided statements in quotation maks that "possibly [came] from the body camera footage," because "it [was] equally likely that the quotes came from Plaintiff's own recollection." *Id*. at 325. The same is true here. When Flash states he said "Stop" and "I'm not resisting" (¶ 97), this reflects his memory, not reliance on footage he had never viewed.

5.      The Western District of Texas recently reached the same conclusion under nearly identical facts, granting a plaintiff's motion to strike bodycam footage attached to a 12(b)(6) motion where the complaint referenced general body-camera policies but did not reference specific footage. *Lamar v. City of Cedar Park*, No. 1:25-cv-1031-DAE, at *3 (W.D. Tex. Feb. 19, 2026). The court found that "a reference to the City's policies, which amongst many other requirements include the use of bodycam equipment, is [not] sufficient" to satisfy *Villarreal*. *Id.* Flash's Complaint contains no greater specificity.

## II. Even if It Were "Referred To," the Video Footage Is Not "Central To" Flash's Claims

6.      Flash's complaint does not "refer to" the videos for purposes of upending the ordinary 12(b)(6) analysis. But even if it did, this Court should still not consider the videos because they are not "central to" Flash's claims. Further, the defendants' are disqualified from their procedural tactic because the videos are actually part of *their defenses* to the claims.

7.      Even properly referenced documents (or videos) do not invite a defendant to attach those documents, at the motion-to-dismiss stage, unless the documents are "central" to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("… if they are referred to in the plaintiff's complaint and are central to her claim."). Courts have held that the "central to" test is simple: if the documents are "necessary" to establish an element of a claim, then they are central; by contrast, if they are "merely evidence" of an element, they are not central.

*Skipper v. Fedex*, No. 3:23-cv-212-E-BN, 2023 U.S. Dist. LEXIS 231696, at *5-6 (N.D. Tex. Dec. 8, 2023); *accord Kaye v. Lone Star Fund V (U.S.), L.P.*, No. 3:09-cv-2263-M, 453 B.R. 645, 661-62 (N.D. Tex. Apr. 26, 2011). The videos fail the "central to" test because Flash could still prove all of his claims even if *nothing* were recorded. His own testimony, his own recollections, and the eyewitness accounts could all serve as sufficient evidence of the claims.

8.     The defendants' procedural tactics are further disfavored by the fact that it is the defendants who seek to use the videos to establish their defense. *Shelton v. Parkland Health*, No. 3:24-CV-2190-L-BW, 2025 U.S. Dist. LEXIS 100740, at *21 (N.D. Tex. May 28, 2025) (rejecting a defendant's attempt to attach a document to its motion to dismiss because the document "appears much more central to [the defendant]'s defense than any of Plaintiff's claims"). A significant portion of every motion to dismiss in this case revolves around how the defendants characterize the video evidence. Flash, by contrast, makes no attempt to characterize the video evidence beyond acknowledging that it plausibly exists. Thus, even beyond the "referred to" and "central to" prongs, the fact that it is the defendants who are so invested in these videos demonstrates their inadmissibility at this stage. *Shelton*, 2025 U.S. Dist. LEXIS 100740, at *21; *accord Skipper*, 2023 U.S. Dist. LEXIS 231696, at *9 ("But documents used to support a defendant's affirmative defense appear not to fall within [this] exception.") (collecting cases). After discovery, which will give Flash an opportunity to review the video evidence and interview the witnesses, the defendants are free to use the videos at the appropriate time.

9.     The County asserts that under *Harmon v. City of Arlington*, 16 F.4th 1159, 1164 (5th Cir. 2021), "all that the Fifth Circuit requires to satisfy the prong of 'central to the claim' is that 'the footage depicts the events alleged.'" (Dkt. 25 at 4.) This misreads *Harmon* and collapses *Collins*'s two-prong test into one. In *Harmon*, the dashcam video was already "included in the pleadings."

*Id.* at 1163. The Fifth Circuit applied the *Scott v. Harris*, 550 U.S. 372 (2007), "blatantly contradicts" standard only "where video recordings are included in the pleadings." *Id. Harmon* does not hold that any video "depicting the events alleged" automatically satisfies the incorporation test. It holds that where video is already properly before the court, the court may use it to evaluate the complaint's plausibility. That predicate is absent here.

10. If the County's reading were correct, any defendant in any excessive-force or First Amendment retaliation case could attach body camera footage to a 12(b)(6) motion simply because the footage "depicts the events alleged." That would effectively eliminate the *Villarreal* limitation and convert every such case into a premature summary judgment proceeding, forcing plaintiffs to litigate authenticity and completeness without discovery. That is not the law.

### III. The Videos Are Unauthenticated and Incomplete

11. Even if the Court were inclined to consider the videos, the County has provided no foundation for their admission. The County filed four video files on a flash drive without any custodian declaration, certification under Federal Rule of Evidence 902(11) or 902(13), testimony establishing chain of custody, or evidence regarding the circumstances under which the recordings were made. *See United States v. Sterling*, 550 F. Supp. 3d 358, 360–61 (M.D. La. 2021) (video evidence must be authenticated through eyewitness testimony or foundation evidence showing circumstances of recording, chain of custody, and reliability of process).

### IV. If the Court Considers the Videos, Rule 12(d) Requires Conversion

12. Should the Court decline to strike the videos, Rule 12(d) requires conversion to summary judgment and a reasonable opportunity for discovery. The Fifth Circuit has held that where a district court considers body camera footage not properly incorporated by the plaintiff, the

dismissal constitutes "an implicit conversion to summary judgment." *Hodge v. Engleman*, 90 F.4th 840, 847 (5th Cir. 2024). The County does not cite *Hodge* or address the conversion requirement.

13. No discovery has occurred. Plaintiff has had no opportunity to depose the officers about camera activation, gaps in coverage, chain of custody, or the existence of additional footage. Conversion prior to discovery would deny Plaintiff the "full, fair, and wholly adequate opportunity for discovery" the Fifth Circuit requires. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003); *see also Clark v. Tarrant County*, 798 F.2d 736, 746 (5th Cir. 1986) (summary judgment "may not be used to cut off discovery").

### V. Conclusion and Prayer

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Strike Exhibits 1–4 from Defendant Jeff Davis County's Motion to Dismiss;

2. Decide Defendant's Motion to Dismiss on the pleadings alone;

3. Alternatively, if the Court wishes to consider the videos, convert the motion to summary judgment under Rule 12(d) and afford Plaintiff a reasonable opportunity for discovery; and

4. Grant all other relief to which Plaintiff is entitled.

Respectfully submitted

*/s/ Lamar Treadwell*
Lamar D. Treadwell, Lead Trial Counsel
TBN: 20205000
1308 E. Common St., Suite 205
New Braunfels, Texas 78132
Office: (505) 660-0602
Lamar@treadwelltriallaw.com

SMITH AND VINSON LAW FIRM, PLLC
/s/ Jarrod Smith
Jarrod L. Smith
TBN: 24094095
jarrod@smithandvinson.com

/s/ Brad Vinson
Brad Vinson
TBN: 24100021
brad@smithandvinson.com

/s/ Elise Smith
Elise Smith
MBN: 0505942
elise@smithandvinson.com

1411 West Avenue, #124
Austin, Texas 78701
PH: (512) 368-9044
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of March 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all parties of record.

/s/ Jarrod Smith