# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### PECOS DIVISION

DAVID FLASH,

     Plaintiff,

v.

JEFF DAVIS COUNTY, TEXAS;
CURTIS EVANS, individually and in his
official capacity as County Judge;
VICTOR LOPEZ, individually and in his
official capacity as Sheriff;
GLEN EISEN, individually and in his
official capacity as County Attorney;
MARY ANN LUEDECKE, individually and in
her official capacity as Justice of the Peace;
ADRIANA RUILOBA, individually and in her
official capacity as Chief Deputy;
JOSEPH GIESBRECHT, individually and in
his official capacity as Deputy Sheriff;
KING MERRITT, individually and in his
official capacity as Deputy Sheriff; and
LISA DENNISON, individually,

     Defendants.

Civil Action No. 4:26-cv-00004-DC-DF

JURY TRIAL

## DEFENDANT CHIEF DEPUTY ADRIANA RUILOBA'S REPLY BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Adriana Ruiloba, individually and in her official capacity as Chief

Deputy of the Jeff Davis County Sheriff's Department (hereinafter "Deputy Ruiloba" or

"Ruiloba"), one of the Defendants in the above-entitled and numbered cause, and hereby files her

Reply Brief in Support of her Rule 12(b)(6) Motion to Dismiss. Because Plaintiff has failed to

state a claim upon which relief may be granted, Deputy Ruiloba is entitled to dismissal as to

Plaintiff's claims. In addition, and without waiving the foregoing, Deputy Ruiloba is entitled to

Qualified Immunity and Official Immunity as to each of the Plaintiff's claims.  In support, the Movant shows as follows:

## I.        Arguments and Authorities

**A.        <u>Qualified Immunity Warrants Dismissal</u>**

1.        Plaintiffs contend in their response that the Plaintiff's arrest was retaliatory for Plaintiff filming the Commissioner's Court meeting.  Plaintiff further contends that the Court must accept these allegations as true.  [ECF No. 29 @ para. 17].  However, these allegations need not be accepted as true by the Court because; (1) they are blatantly disputed by the video evidence; and (2) they are purely "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  The Fifth Circuit has repeatedly held that at the 12(b)(6) Motion to Dismiss stage, a court may reject a plaintiff's allegations if video evidence attached to the pleadings blatantly contradicts those allegations. *Perdomo v. City of League City;* See, also *Harmon v. City of Arlington*, 16 F.4ᵗʰ 1159, 1163 (5th Cir. 2021); citing *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct.1769, 1776, 167 L.Ed 2d 686 (2007).  In *Perdomo*, the body camera footage contradicted the plaintiff's claims that he was submissive and compliant with the officer and the court concluded, at the 12(b)(6) stage, that the court need not accept Plaintiff's allegations in the complaint and granted the motion to dismiss as the video clearly contradicted those claims.

2.        In the present case, Ex. 1., the Commissioner's Court Meeting video shows that County Judge Evans gave an order to the deputies, who were acting as bailiffs, to have the Plaintiff removed for disrupting a public meeting. Ex. 1.  The video from the BWC from Deputy Ruiloba and Deputy Giesbrecht further shows that the Plaintiff resisted being detained and that a brief struggle ensued until the deputies were able to handcuff the Plaintiff.  This is all supported by the

videos.  (Exhibits 1-4).  Moreover, the court need not accept the plaintiff's conclusory allegations, unwarranted factual inferences, or legal conclusions that the arrest was caused by anything other than the Plaintiff interfering or disrupting a public meeting. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

3.      A governmental official sued in her personal or individual capacity is entitled to assert the defense of qualified immunity.  *Meadowbrier Home for Children, Inc. v. G.B. Gunn,* 81 F.3d 521, 529 (5th Cir. 1996).  Specifically, Deputy Ruiloba would show that the claims against her arose, if at all, from the performance of her duties as Chief Deputy for the Jeff Davis County Sheriff's Department.  In that regard, Defendant would show that she was acting: (1) within the course and scope of her official governmental duties; (2) pursuant to clearly established law in existence at the time; and (3) without specific malicious intent.

4.      The Fourth Amendment does not proscribe all uses of force; it merely proscribes those that are unreasonable.  *Peterson v. City of Fort Worth*, 588 F.3d 838, 844 (5th Cir. 2009).  Reasonableness is measured in objective terms by examining the totality of the circumstances. *Id.*  In considering whether the right allegedly violated is clearly established, the contours of the right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right.  *Kinney v. Weaver*, 367 F.3d 337, 349-50 (5th Cir. 2004).  It is undisputed that police officers may detain a suspect and briefly investigate when they have reasonable suspicion, based on specific and articulable facts and rational inferences that justifies the intrusion.  *Terry v. Ohio*, 392 U.S.1, 21, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1969).  Similarly, police officers may take reasonable actions under the circumstances to ensure their own safety, as well as the safety of the public, during an encounter with a suspect.  *Terry*, 392 U.S. at 30, 88 S.Ct. at 1884. The Supreme Court has also recognized that the right to make an arrest or investigatory stop

necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. *Id*. at 22-27.

5.       A plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm alleged **and** that defeats a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (emphasis supplied).  Plaintiff in this case wholly fails to allege any specific facts to defeat qualified immunity.  While Plaintiff provides cases with an alternate narrative that the arrest was the result of Plaintif's filming a public meeting, they provide no authorities that it was clearly established that a bailiff was violating constitutional rights when following an order from the judge.  As stated in *Twombly* where a plaintiff "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  Additionally, "officers who reasonably, but mistakenly, commit a constitutional violation are entitled to immunity." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004).  As a result, dismissal of the claims against Deputy Ruiloba are appropriate under Rule 12(b)(6) and under qualified immunity.

**B.       <u>The First Amendment Retaliation Claims Should Be Dismissed Under Rule 12(b)(6)</u>**

6.       In addition, and without waiving the foregoing qualified immunity defenses, Deputy Ruiloba moves for dismissal under Rule 12(b)(6) because the Complaint fails to plausibly allege Deputy Ruiloba's personal involvement in the complained of acts beyond mere conclusory allegations and legal conclusions.  Count I alleges First Amendment retaliation claims against Deputy Ruiloba and four other Defendants.  For the reasons and authorities stated above, Plaintiff's claims that the arrest was in retaliation for Plaintiff filming the meeting is contradicted by the video.  Exhibit 1.  But more importantly, the court need not accept Plaintiff's narrative

because they are not well pleaded factual allegations but are purely "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

**The Detention/Arrest**

7. To assert a First Amendment retaliation cause of action, a plaintiff must allege facts to plausibly support a showing that: (1) the plaintiff was engaged in constitutionally protected activity; (2) the government actor's action caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the actor's adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected activity. *Batyukova v. Doege*, 994 F.3d 717, 730 (5th Cir. 2021). While the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for speaking out, because someone is engaging in free speech does not mean officials cannot execute their law enforcement duties. *Grisham v. Valenciano*, 93 F.4th 903, 909 (5th Cir. 2024); *Hartman v. Moore*, 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006). In the present case, it is undisputed that Deputy Ruiloba was at the Commissioner's Court meeting in the capacity as a bailiff along with Deputy Giesbrecht.

8. It cannot be disputed that officers cannot execute their law enforcement duties ... in retaliation of speech or as imposed censorship." *Grisham*, 93 F.4th at 909*; Daywalt v. Blanquiz*, No. SA-24-CV-00222, 2025 U.S. Dist. LEXIS 47077, 2025 WL 1090917, at *7 (W.D. Tex. Feb. 13, 2025), report and recommendation adopted, 2025 U.S. Dist. LEXIS 46035, 2025 WL 799514 (W.D. Tex. Mar. 12, 2025). Thus, a first amendment retaliation cause of action is only applicable "when non-retaliatory grounds are in fact insufficient to provoke the adverse consequences." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). Here, non-retaliatory grounds

were more than sufficient; the Plaintiff was taken into custody and escorted out of the courtroom for causing a disruption. See Exhibits 1. This is precisely the duty of a bailiff. Moreover, even if Deputy Ruiloba was wrong to follow the order, "officers who reasonably, but mistakenly, commit a constitutional violation are entitled to immunity." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004).

9. The referenced video exhibits clearly show that the Plaintiff was told that the video recording device needed to be placed in the rear of the area. Despite this, the Plaintiff moved the camera into the aisle way and was again told to remove the camera to the proper location. Exhibit 3. In addition, the Plaintiff was told not to get into the officer's personal space within reach of her service weapon. Exhibit 3. To prevail on a claim of false arrest or imprisonment under § 1983, Plaintiff must plead and prove that there was no probable cause to arrest him. *See Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) (citations omitted). Probable cause to arrest exists when facts and circumstances within an arresting officer's knowledge are sufficient that a reasonable person would believe that an offense has been or is being committed. *United States v. Bustamante-Saenz*, 894 F.2d 114, 118 (5th Cir. 1990. When probable cause supports an arrest, "any argument that the arrestee's speech as opposed to her criminal conduct was the motivation for her arrest must fail, no matter how clearly that speech may be protected by the First Amendment." *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008).

**C.     The False Arrest Claims Should Be Dismissed under Rule 12(b)(6)**

10. While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. In the present case, the claims against Deputy Ruiloba

are too generalized, conclusory and factually unsupported. All that Plaintiff's Complaint states, in conclusory fashion, is that Deputy Ruiloba arrested Plaintiff without probable cause. [ECF No. 1 @ para. 152]. Such conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993); see also *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002).

11.     The Fourth Amendment to the United States Constitution affords citizens the right to be free from unlawful arrest, that is arrest without probable cause. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009); *Gerstein v. Pugh*, 420 U.S. 103, 111-12, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975); *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964). To succeed on a claim for false arrest, the plaintiff must demonstrate that he was arrested without probable cause to believe he committed an offense. *Haggerty v. Tex. S. Univ*., 391 F.3d 653, 655 (5th Cir. 2004). "It is well-settled that when probable cause exists to believe that someone is violating a criminal statute, his or her arrest is reasonable." *Johnson v. City of Dallas*, 141 F. Supp. 2d 645, 647 (N.D. Tex. 2001) (citing *Atwater v. City of Lago Vista*, 195 F.3d 242, 245 (5th Cir. 1999)).

12.     There is no cause of action for false arrest *unless* the arresting officer lacked probable cause, or to put it another way, "[i]f there was probable cause for the arrest, a claim for false arrest is not viable." *Casanova v. City of Brookshire,* 119 F.Supp.2d 639, 651 (S.D.Tex. 2000); *citing Sorenson v. Ferrie,* 134 F.3d 325, 329 (5th Cir. 1998); *United States v. Wadley,* 59 F.3d 510, 512 (5th Cir.1995), *cert. denied,* 519 U.S. 895, 117 S. Ct. 240, 136 L. Ed. 2d 169 (1996); *Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir.1995); *Fields v. City of South Houston,* 922 F.2d 1183, 1189 (5th Cir. 1991); *Bodzin v. City of Dallas,* 768 F.2d 722, 724 (5th Cir. 1985). Moreover, claims for false arrest focus on the validity of the arrest, ***not*** on the validity of each individual

charge made during the course of the arrest. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). Thus, the Fifth Circuit has concluded that "if there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails." *Id.*

**D.      The Excessive Force Claims Should Be Dismissed under Rule 12(b)(6)**

13.      Plaintiff's Complaint and concludes in general fashion that "the force used against the Plaintiff was objectively unreasonable under the totality of the circumstances. ECF No.1 @ para 160. The Complaint fails to address with any factual specificity as to what it is alleged what excessive force Deputy Ruiloba allegedly used. Again, as Bailiff, Deputy Ruiloba used only that amount of force that was necessary under the circumstances to detain the Plaintiff and remove him from the meeting. See Exhibits 1-4.

14.      To establish a claim for the use of excessive force under the Fourth Amendment, Plaintiff must plead and prove that he suffered (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive to the need; and (3) the excessiveness of which was objectively unreasonable. *See Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004); *See also Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996). Moreover, the alleged injury, though not necessarily required to be significant, must be more than *de minimis*. *Freeman v. Gore,* 483 F.3d 404, 416 (5th Cir. 2007). *See Ikerd v. Blair*, 101 F.3d 430, 434-35 (5th Cir. 1996). Certain injuries are so slight that they will never satisfy the injury requirement. *Flores*, 381 F.3d at 397-98 (5th Cir. 2004).

15.      In the present case, Plaintiff has described the nature of his purported injuries. In paragraph 24, he alleges generally that while being handcuffed, he was injured by the use of excessive force as well as being unlawfully detained for approximately thirty minutes. [ECF

No.1 @ para. 24]. In paragraph 27 (e), he alleges he received abrasions from Deputy Ruiloba's fingernails on his forearm when she was placing him in handcuffs. *Id.* In paragraph 35, he describes the nature of his injuries as abrasions and bruising while being handcuffed. *Id.* Finally, in paragraph 165, he alleges that the handcuffs were too tight. *Id.*

16.     Even accepting all of these allegations as true, the excessive force claim fails to plausibly state a cause of action because the injuries are not more than *de minimis*. The Fifth Circuit has repeatedly held that swelling, bruises, and other marks on the wrists and arms caused by handcuffing or where handcuffs are too tight are *de minimis* injuries. *See Freeman*, 483 F.3d at 416; *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005); *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (minor incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest do not five rise to a constitutional claim for excessive force). *Freeman* is further instructive on the fact that a 30-to-45-minute detention based on the failure to follow a command was *de minimis*. *Freeman*, 483 F.3d at 417.

17.     Plaintiff's response suggests that this case is distinguishable from *Freeman*, *Glenn* and *Tarver* because the Plaintiff went to urgent care and got medication. However, only *Tarver* even mentioned an absence of medical treatment. More importantly, the Court focused on the nature of the injury and not the treatment in concluding that the injuries were *de minimis*.

**E.     The Malicious Prosecution Claim Should Be Dismissed Under Rule 12(b)(6)**

18.     Count V of the Complaint contains a malicious prosecution claim against Deputy Ruiloba. In addition, and without waiving the foregoing qualified immunity defenses, Deputy Ruiloba moves for dismissal under Rule 12(b)(6) because the Complaint fails to plausibly allege Deputy Ruiloba's personal involvement in the prosecution beyond mere conclusory allegations and legal conclusions. The Complaint alleges at paragraph 183 that Deputy Ruiloba initiated the

9

disorderly conduct charges against the plaintiff.  While it is true that Deputy Ruiloba effectuated the detention of the Plaintiff and escorted him out of the meeting, there is no plausible allegation that she initiated the charges or made a determination as to what the Plaintiff was ultimately cited for.  Fundamentally, a Section 1983 claim must be based upon a defendant's actual participation in an event that causes a violation of civil rights.  *See Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980).  "Personal involvement is an essential element of a civil rights cause of action."  *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).  Plaintiff is unable to allege sufficient facts to show any personal involvement to charge or prosecute the Plaintiff other than her following an order from the County Judge to remove the Plaintiff from the meeting.

**F.**     **The Civil Rights Conspiracy Claim Must be Dismissed as to Defendant Ruiloba**

19.     Count VI alleges a "Civil Rights Conspiracy" against all Defendants.  In the present case, the only factual allegations regarding a purported conspiracy and identifying the alleged co-conspirators are contained in paragraph 193 of the Complaint [ECF No. 1 @ para. 193].  There, it is alleged "Defendants Evans, Lopez, Eisen and Luedecke—all elected officials and final policymakers—reached a meeting of the minds to achieve the unlawful objective of suppressing Flash's journalism through prior restraint and retaliation for exercising free speech.  *Id.* Plaintiff's claims, however, are nothing more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" that the courts have uniformly held are insufficient.  *Twombly,* 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). More importantly, Ruiloba is not identified as one of the alleged co-conspirators [ECF No. 1 @ para. 193].

20.     Plaintiff attempts to tie Defendant Ruiloba to this alleged conspiracy in concluding at paragraph 194 of the Complaint that "Defendants Ruiloba, Giesbrecht, Merritt and Dennison

acted under their direction to commit specific acts in furtherance of the conspiracy." Again, these allegations are nothing more than legal conclusions masquerading as facts that this Court is not bound to accept as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There is not a single allegation in the Complaint that Ruiloba ever entered into any agreement with the alleged co-conspirators. This is fatal to Plaintiff's conspiracy claim against Deputy Ruiloba. Plaintiff alleges no facts that raise a reasonable inference of an agreement by Ruiloba to commit an illegal act to deprive Plaintiff of his rights.

21.     A plaintiff must allege specific facts which show an agreement and concerted action amongst the defendants. To prove a conspiracy under § 1983, a plaintiff must show (1) an agreement between the defendants to commit an illegal act and (2) an actual deprivation of constitutional rights. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). As stated by the Fifth Circuit in *Cannatella:* "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the **operative facts** upon which their claim is based. ***Bald allegations that a conspiracy existed are insufficient*.**" *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (emphasis supplied). A plaintiff's evidence, "when 'placed in a context must raise a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.'" *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (internal quotations omitted).

22.     Just as in *Twombly*, Plaintiff's Complaint here furnishes no clue as to these necessary factual elements of the specific time and place involving Defendant Ruiloba: (1) which of the Defendants Ruiloba supposedly agreed to conspire with; (2) when and where she allegedly made an agreement to conspire; (3) who was present when the purported agreement was made; (4)

what was the substance of the agreement reached and what did Ruiloba allegedly agree to conspire to; and, most importantly, (5) what specific overt and illegal act did Ruiloba do in furtherance of the alleged conspiracy which was not simply parallel conduct under *Twombly*.

23. In their response, Plaintiff ignore the most important element. Namely, "an agreement between the defendants to commit an illegal act" *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). In response to Ruiloba's claims that the allegations are of an agreement to conspire were nothing more than bald allegations of a conspiracy, Plaintiff again relies not on any agreement, but rather upon one purported act in furtherance of the conspiracy when Plaintiff was arrested for disrupting a public meeting. While these may be plausible allegations of overt acts in furtherance of a conspiracy, they ignore the critical requirement of an agreement to commit an illegal act which is entirely absent in the Complaint. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Without plausible allegations of an agreement to conspire, the alleged overt acts are merely parallel conduct that could just as well be independent action. *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (internal quotations omitted).

24. Plaintiff cites *Chon* for the proposition that the Fifth Circuit does not require an explicit formal agreement to establish a civil conspiracy. However, the referenced *United States v. Chon* case, 713 F.3d 812 (5th Cir. 2013) was not a civil conspiracy case. Rather, it was a criminal charge of conspiring to smuggle, transport, and harbor illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), a specific federal criminal statute. Under that statute, the government was required to prove that each defendant: "[A]greed with one or more persons to transport or move illegal aliens within the United States in furtherance of their unlawful presence, or to conceal, harbor, or shield from detection such aliens, knowingly or in reckless disregard of the fact that

such aliens had come to, entered, or remained in the United States in violation of law." *Id*. at 818. As such, *Chon* is easily distinguishable. But even if the Court were to consider criminal conspiracy cases as instructive, the Fifth Circuit has found that the requirement of an agreement is the central element and the agreement, therefore, must be arrived at knowingly. *United States v. Holcomb*, 797 F.2d 1320, 1327 (5th Cir. 1986); *United States v. Ballard*, 663 F.2d 534, 543 (5th Cir. 1981). Further, the Fifth Circuit has also found that "[m]ere association with those involved in a criminal venture is insufficient to prove participation in a conspiracy." *Id*.

25.    While it is true that a conspiracy can sometimes be proven by circumstantial evidence, that does not relieve a plaintiff of pleading the necessary elements of a civil conspiracy including plausibly alleging an agreement to commit an illegal act. This Court need look no further than *Twombly*. In *Twombly*, the Court held that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. In assessing the plausibility of such an "agreement," the district court should find insufficient "an allegation of parallel conduct and a bare assertion of conspiracy." *Id.* The Complaint in this case is just that: a bare allegation of some purported conspiracy and conduct that is just as likely parallel conduct. The allegations in the Complaint do not plausibly allege liability against Ruiloba since Plaintiff's legal conclusions couched as factual allegations that this Court is "not bound to accept as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, Plaintiff's conspiracy claim against Ruiloba should be dismissed for failure to state a claim under Rule 12(b)(6).

**G.** **The False Imprisonment (Count X), Assault & Battery (County XI) and Abuse of Process Claim (County XII) & All State Law Claims Must be Dismissed as to Defendant Ruiloba**

26.     Counts X, XI and XII of the Complaint includes a state law claims against Deputy Ruiloba for False Imprisonment, Assault & Battery and Abuse of Process respectively. [ECF No. 1 @ pages 47-49]. All state law claims against all Defendants including Deputy Ruiloba must be dismissed as a matter of law based upon the election of remedies contained in the Texas Civil Practice & Remedies Code. These reply arguments have been thoroughly briefed in the reply Briefs of Defendants Lisa Dennison and Joseph Giesbrecht and Defendant Ruiloba hereby incorporates those arguments herein for reference for all purposes.

WHEREFORE, PREMISES CONSIDERED, Defendant, DEPUTY ADRIANA RUILOBA prays that all claims against her be dismissed based upon Qualified Immunity, alternatively that all claims be dismissed against her based upon Rule 12(b)(6), alternatively that all claims against her in her Official Capacity be dismissed based upon duplicity and that fact that those claims are actually against Jeff Davis County, Texas and that all state law claims against her be dismissed based upon the election of remedies provision from Section 101.106 of the Texas Civil Practice & Remedies Code. Defendant further seeks to be awarded her costs and have such other and further relief, general and specific, at law and in equity, to which Defendant may show herself justly entitled.

Respectfully submitted,

**WINDLE, HOOD, NORTON,**
**BRITTAIN & JAY, LLP**
One San Jacinto Plaza, Suite 1350
201 East Main Drive
El Paso, Texas 79901
(915) 545-4900
(915) 545-4911


By:/s/ Eric M. Brittain

**Eric M. Brittain**
State Bar No.: 00783724
Attorney for Defendant
CHIEF DEPUTY ADRIANA RUILOBA


## CERTIFICATE OF SERVICE

I, Eric M. Brittain, hereby certify that on this the 20th day of March, 2026, a true and correct copy of the following document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record.


/s/ Eric M. Brittain

**Eric M. Brittain**