DAVID FLASH,

     Plaintiff,

v.

JEFF DAVIS COUNTY, TEXAS;
CURTIS EVANS, individually and in his
official capacity as County Judge;
VICTOR LOPEZ, individually and in his
official capacity as Sheriff;
GLEN EISEN, individually and in his
official capacity as County Attorney;
MARY ANN LUEDECKE, individually and in
her official capacity as Justice of the Peace;
ADRIANA RUILOBA, individually and in her
official capacity as Chief Deputy;
JOSEPH GIESBRECHT, individually and in
his official capacity as Deputy Sheriff;
KING MERRITT, individually and in his
official capacity as Deputy Sheriff; and
LISA DENNISON, individually,

     Defendants.

Civil Action No. 4:26-cv-00004-DC-DF
JURY TRIAL

## **DEFENDANT COUNTY JUDGE CURTIS EVANS' REPLY BRIEF IN SUPPORT OF HIS RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, County Judge Curtis Evans, individually and in his official capacity as County Judge of Jeff Davis County (hereinafter "Judge Evans" or "Evans"), one of the Defendants in the above-entitled and numbered cause, and hereby files his Reply Brief in Support of his 12(b)(6) Motion to Dismiss. Because Plaintiff has failed to state a claim upon which relief may be granted, Judge Evans is entitled to dismissal as to Plaintiff's claims. In addition, and without waiving the foregoing, Judge Evans is entitled Immunity in his role as

County Judge, Legislative Immunity, Qualified Immunity and Official Immunity as to the Plaintiff's claims. In support, the Movant shows as follows:

## I. Arguments and Authorities

### A. **Judicial Immunity**

1. Defendant concedes based upon the *Diaz v. Cantu* case cited by Plaintiff in its response that absolute judicial immunity would apparently not apply under the facts of this case. While *Cantu* is arguably distinguishable based up the use of holding the plaintiff in contempt under a statute that required commissioner's court approval, as opposed to the disruption of a public meeting, the holding in *Cantu* is still likely controlling at least as to Judicial Immunity.

### B. **Absolute Legislative Immunity**

2. As County Judge, Judge Evans had a legislative role on the County Commissioner's Court. Under both the Texas Constitution (Article V, Section 18(B)) and the Texas Local Government Code (Section 81.001(b)), Judge Evan's presided over the meeting of the Jeff Davis County Commissioner's Court. The Supreme Court has held that state and regional legislators are entitled to absolute immunity under Section 1983 for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). According, to the Supreme Court, legislative immunity "attaches to all actions taken 'in the sphere' of legitimate legislative activity'" *Id. at 54 (*quoting *Tenny v. Brandlove,* 34 U.S. 367, 376 (1951). It is undisputed that the legislative actions taken by Judge Evans at the June 27, 2025 County Commissioner's Court involved the annual budget for Jeff Davis County. Accordingly, the legislative activity taking place at the time of the incident was functionally legislative as it involved the proposed budget. In the present case, Plaintiff's allegations that the removal was based upon the content of the Plaintiff's First Amendment is blatantly contradicted by the video (Exhibit 1) previously attached in Jeff Davis

County's Rule 12(b)96) Motion to Dismiss. The video plainly shown that the Plaintiff was removed from the meeting for the disruption of a public meeting and not for any First Amendment reasons.

**C.      Qualified Immunity Warrants Dismissal**

3.      Judge Evans further moved to dismiss all claims against him based upon qualified immunity. To the extent that the Court finds that any of Plaintiff's claims were plead with the requisite specificity, Judge Evans would still be entitled to dismissal based upon qualified immunity. A governmental official sued in his personal or individual capacity is entitled to assert the defense of qualified immunity. *Meadowbrier Home for Children, Inc. v. G.B. Gunn,* 81 F.3d 521, 529 (5th Cir. 1996). Specifically, Judge Evans would show that the claims against him arose, if at all, from the performance of his duties as County Judge for Jeff Davis County. In that regard, Defendant would show that he was acting: (1) within the course and scope of his official governmental duties; (2) pursuant to clearly established law in existence at the time; and (3) without specific malicious intent.

4.      While Plaintiff cites the *Diaz v. Cantu* for the proposition that a County Judge does not have qualified immunity for finding someone in "contempt" during a commissioners court meeting, the case is distinguishable on a qualified immunity basis because Judge Evans did not hold the Plaintiff in contempt which would have required a vote by Commissioner's Court. Rather, as is evidenced by Exhibit 1, Judge Evans concluded that probable cause supported the Plaintiff disrupting a public meeting under Texas Penal Code 42.05 which, unlike contempt, did not require a full vote of the Commissioner's Court. But even more importantly, it was not clearly established that a county judge in his legislative capacity during a meeting of the commissioners court could not maintain decorum in the meeting. Further, even if Judge Evans

3

was incorrect, he would still be entitled to qualified immunity. Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Thompson v. Mercer*, 762 F.3d 433, 436-37 (5th Cir. 2014).

**D.**     <u>**The False Arrest Claims Under Count II Should Be Dismissed under Rule 12(b)(6)**</u>

5.     While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The gravamen of the Plaintiff's Complaint is that the Plaintiff was arrested in the Commissioner's Court meeting "for photographing a public commissioners court meeting." [ECF No. 1 at para 13]. While well pleaded factual allegations must be taken as true, legal conclusions masquerading at factual allegations need not be taken as true and will not suffice to prevent a motion to dismiss. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993); see also *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002). This is particularly true where, as here, the video recording of the meeting blatantly contradicts these allegations. (Exhibit 1 video recording of Commissioner's Court meeting) The video evidence clearly shows Judge Evan's ordering the Plaintiff's removal for disruption of a public meeting. Furthermore, when probable cause supports an arrest, "any argument that the arrestee's speech as opposed to her criminal conduct was the motivation for her arrest must fail, no matter how clearly that speech may be protected by the First Amendment." *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008). Moreover, the court need not accept the plaintiff's conclusory allegations, unwarranted factual inferences, or

legal conclusions that the arrest was caused by anything other than the Plaintiff interfering or disrupting a public meeting. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

6.      The Fourth Amendment to the United States Constitution affords citizens the right to be free from unlawful arrest, that is arrest without probable cause. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009); *Gerstein v. Pugh*, 420 U.S. 103, 111-12, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975); *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964).  To succeed on a claim for false arrest, the plaintiff must demonstrate that he was arrested without probable cause to believe he committed an offense. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004).  "It is well-settled that when probable cause exists to believe that someone is violating a criminal statute, his or her arrest is reasonable." *Johnson v. City of Dallas*, 141 F. Supp. 2d 645, 647 (N.D. Tex. 2001) (citing *Atwater v. City of Lago Vista*, 195 F.3d 242, 245 (5th Cir. 1999)).

7.      There is no cause of action for false arrest *unless* the arresting officer lacked probable cause, or to put it another way, "[i]f there was probable cause for the arrest, a claim for false arrest is not viable." *Casanova v. City of Brookshire,* 119 F.Supp.2d 639, 651 (S.D.Tex. 2000); *citing Sorenson v. Ferrie,* 134 F.3d 325, 329 (5th Cir. 1998); *United States v. Wadley,* 59 F.3d 510, 512 (5th Cir.1995), *cert. denied,* 519 U.S. 895, 117 S. Ct. 240, 136 L. Ed. 2d 169 (1996); *Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir.1995); *Fields v. City of South Houston,* 922 F.2d 1183, 1189 (5th Cir. 1991); *Bodzin v. City of Dallas,* 768 F.2d 722, 724 (5th Cir. 1985).

8.      Moreover, claims for false arrest focus on the validity of the arrest, ***not*** on the validity of each individual charge made during the course of the arrest. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).  Thus, the Fifth Circuit has concluded that "if there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest

fails." *Id.* The mere dismissal of a charge is in no way evidence, much less conclusive evidence, that the arresting officer lacked probable cause.

**E.** **The Malicious Prosecution Claim in Count V Should Be Dismissed**

9. Count V of the Complaint contains a malicious prosecution claim against Judge Evans. Judge Evans moves for dismissal under Rule 12(b)(6) because the Complaint fails to plausibly allege Judge Evans personal involvement in the complained of acts beyond mere conclusory allegations and legal conclusions that Judge Evans "directed the arrest." [ECF No. 1 @ para. 184]. While the Complaint attempts to suggest that another Defendant may have made some purported comments which the Plaintiff argues was that individual's or the county's motive there is no allegation of any ulterior motive by Judge Evans. Fundamentally, a Section 1983 claim must be based upon a defendant's actual participation in an event that causes a violation of civil rights. *See Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff is unable to allege sufficient facts to show any personal involvement by Judge Evans other than directing the arrest.

**F.** **The Civil Rights Conspiracy Claim in Count VI Must be Dismissed as to Defendant Evans**

10. Count VI alleges a "Civil Rights Conspiracy" against all Defendants. In the present case, the only factual allegations regarding a purported conspiracy and identifying the alleged co-conspirators are contained in paragraph 193 of the Complaint [ECF No. 1 @ para. 193]. There, it is alleged "Defendants Evans, Lopez, Eisen and Luedecke—all elected officials and final policymakers—reached a meeting of the minds to achieve the unlawful objective of suppressing Flash's journalism through prior restraint and retaliation for exercising free speech." *Id.* Plaintiff's claims, however, are nothing more than legal conclusions that the courts have

uniformly held are insufficient and need not be considered by the courts. *Twombly,* 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986).

11.     While a conspiracy to violate civil rights is actionable under § 1983, to state a § 1983 conspiracy claim, a plaintiff must allege specific facts which show an agreement and concerted action amongst the defendants.  To prove a conspiracy under § 1983, a plaintiff must show (1) an agreement between the defendants to commit an illegal act and (2) an actual deprivation of constitutional rights.  *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).  As stated by the Fifth Circuit in *Cannatella:* "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based.  ***Bald allegations that a conspiracy existed are insufficient***."  *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (emphasis supplied).  A plaintiff's evidence, "when 'placed in a context must raise a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.'" *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (internal quotations omitted).

12.     Plaintiff's Complaint alleges that "Eisen himself supplied the agreement on the record, admitting the campaign against Flash was 'motivated by our coverage'."  However, the comments were not attached or provided in the Complaint because Plaintiff has taken an overly general interpretation of those comments which are taken completely out of context.  Again, these allegations are not well pleaded factual assertions but are purely "conclusory allegations, unwarranted factual inferences, or legal conclusions" that this Court need not accept as true at the 12(b)(6) stage.  *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  Moreover, these comments cannot be attributed to Judge Evans.

13.     In assessing the plausibility of such an "agreement," the district court should find insufficient "an allegation of parallel conduct and a bare assertion of conspiracy." *Id.* The Complaint in this case is just that: a bare allegation of some purported conspiracy and conduct that is just as likely parallel conduct. The allegations in the Complaint do not plausibly allege liability against Evan's since Plaintiff's legal conclusions couched as factual allegations that this Court is "not bound to accept as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, Plaintiff's conspiracy claim against Evans should be dismissed for failure to state a claim under Rule 12(b)(6).

**G.      The State Law Abuse of Process (Counts VIII & XII) & All State Law Claims Must be Dismissed as to Defendant Evans**

14.     Count VIII of the Complaint alleges a state law claim for Defamation and Count XII alleges a state law claim for Abuse of Process against Evans. All state law claims against all Defendants including Judge Evans must be dismissed as a matter of law based upon the election of remedies contained in the Texas Civil Practice & Remedies Code.

15.     Section 101.106(a) of the Texas Tort Claim Act states that "if a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Texas Civil Practice and Remedies Code, Section 101.106 (a). Plaintiff's reply asserts that the abuse of process claim does not arise under the Texas Tort Claims Act. However, the Texas Supreme Court has held that the term "under this chapter" applies to "***all tort theories*** alleged against a governmental unit whether it is sued alone or together with its employees..." *Mission Consolidated Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). Thus, as is clear from the statute, "under the TTCA's election scheme, recovery against an individual employee is

barred and may be sought against the governmental unit... when suit is filed against both governmental unit and its employees..." *Id.*

16. Additionally, the Texas Supreme Court has cautioned that "because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from a governmental unit or from the employee individually." *Id.* As Defendant Jeff Davis County has filed its Motion to Dismiss specifically invoking Section 101.106 [ECF No. 13], this Court must dismiss the state law claims against Defendant Eisen. Section 101.106(e), Texas Civil Practice and Remedies Code.

17. "[A] suit under the Tort Claims Act against a governmental unit bars a same-subject-matter suit against an employee in both the employee's official and individual capacities. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 275 S.W.3d 379, 401 (Tex. App.—Fort Worth 2008, no pet.); *see also Cox v. City of Fort Worth, Tex.,* 762 F.Supp. 2d 926, 933 (N.D. Tex. 2010). In construing Section 101.106, the Texas Supreme Court held that the purpose of revisions to the section "was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Garcia*, 253 S.W.3d at 657 (internal citations and footnote omitted). "The statute's purpose is clear: the plaintiff may sue the governmental entity or its employees for alleged conduct, **but not both**." *Cox*, 762 F.Supp 2d at 933 (emphasis supplied). As such, the state law claims for Defamation and Abuse of Process claim must be dismissed against Evans. See *Bustos v. Martini Club,* 599 F.3d 458, 463-64 (5th Cir. 2010) (when a plaintiff brings virtually any state common law tort claim against both a governmental unit and its employee, 101.106(e) will allow the employee defendants to be dismissed if the governmental unit so moves specifically including intentional torts) See also, *Doe v. Prosper*

9

*Indep. Sch. Dist*, 2025 U.S. Dist LEXIS 205764 (S.D. Tex. October 20, 2025) ("Whether intentionally or not," Plaintiffs made an election that makes "dismissal of the common law tort claims against [Defendant] . . . unavoidable." *Salazar v. Alcoser*, No. SA-13-CA-940, 2014 U.S. Dist. LEXIS 196962, 2014 WL 12489686, at *2 (W.D. Tex. Apr. 28, 2014). The Texas Tort Claims Act "is unambiguous and the result preordained." *Turner v. Criswell*, No. 419-CV-00226-ALM-CAN, 2020 U.S. Dist. LEXIS 23259, 2020 WL 1901086, at *9 (E.D. Tex. Jan. 6, 2020) (quoting *Salazar*, 2014 U.S. Dist. LEXIS 196962, 2014 WL 12489686, at *2) (dismissing state tort claims under election-of-remedies provision), *report and recommendation adopted*, No. 4:19-CV-226, 2020 U.S. Dist. LEXIS 22186, 2020 WL 613963 (E.D. Tex. Feb. 10, 2020)).

**H.      All Official Capacity Claims Against Judge Evans Must be Dismissed**

18.      In addition, and without waiving the foregoing, Defendant Evans also moves for dismissal of all of the claims against him in his "Official Capacity" under Rule 12(b)(6) for failing to state a claim.  Plaintiff's Complaint brings claims against Judge Evans in both his individual capacity as well as in his official capacity as the County Judge for Jeff Davis County. [ECF No. 1].  The §1983 claims against a governmental employee in his official capacity are the equivalent of claims against the governmental entity he serves, here Jeff Davis County, Texas. *Ashe v. Corley*, 992 F.2d 540, 541 n.1 (5th Cir. 1993) (internal citations omitted) (noting that the proper defendant was only the county since the county sheriff was sued in his "official capacity" and since a lawsuit against a county official in his official capacity is the equivalent of an action against the county.) (*citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (U.S. 1989)). In *Will*, the Supreme Court held that a suit against a state official in his official capacity is not a suit against the official but rather a suit against the official's office.  *Id.*

19. Jeff Davis County, Texas has been named as a Defendant in this case. [ECF No. 1]. The claims against Judge Evans in his official capacity as County Judge for Jeff Davis County are simply claims against Jeff Davis County, Texas. Dismissal of official capacity claims are proper if they are duplicative of claims asserted against the County. As such, the official capacity claims are duplicative, unnecessary and fail to state a valid claim upon which relief can be granted. Therefore, the claims against Judge Evans in his official capacity should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant, COUNTY JUDGE CURTIS EVANS prays that all claims against him be dismissed based upon Immunity, alternatively that all claims be dismissed against him based upon Rule 12(b)(6), alternatively that all claims against him in his Official Capacity be dismissed based upon duplicity and that fact that those claims are actually against Jeff Davis County, Texas and that all state law claims against him be dismissed based upon the election of remedies provision from Section 101.106 of the Texas Civil Practice & Remedies Code. Defendant further seeks to be awarded his costs and have such other and further relief, general and specific, at law and in equity, to which Defendant may show himself justly entitled.

Respectfully submitted,

**WINDLE, HOOD, NORTON,
BRITTAIN & JAY, LLP**
One San Jacinto Plaza, Suite 1350
201 East Main Drive
El Paso, Texas 79901
(915) 545-4900
(915) 545-4911

By:/s/ Eric M. Brittain
   **Eric M. Brittain**
   State Bar No.: 00783724
   Attorney for Defendant
   COUNTY JUDGE CURTIS EVANS

11

## CERTIFICATE OF SERVICE

I, Eric M. Brittain, hereby certify that on this the <u>20th</u> day of March, 2026, a true and correct copy of the following document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record.

/s/ Eric M. Brittain

**Eric M. Brittain**