**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

DAVID FLASH,

      Plaintiff,

v.

JEFF DAVIS COUNTY, TEXAS;
CURTIS EVANS, individually and in his
official capacity as County Judge;
VICTOR LOPEZ, individually and in his
official capacity as Sheriff;
GLEN EISEN, individually and in his
official capacity as County Attorney;
MARY ANN LUEDECKE, individually and in
her official capacity as Justice of the Peace;
ADRIANA RUILOBA, individually and in her
official capacity as Chief Deputy;
JOSEPH GIESBRECHT, individually and in
his official capacity as Deputy Sheriff;
KING MERRITT, individually and in his
official capacity as Deputy Sheriff; and
LISA DENNISON, individually,

      Defendants.

Civil Action No. 4:26-cv-00004-DC-DF
JURY TRIAL

## <u>DEFENDANT JUSTICE OF THE PEACE JUDGE MARY ANN LUEDECKE'S REPLY BRIEF IN SUPPORT OF HER RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT</u>

COMES NOW, Mary Anne Luedecke, individually and in her official capacity as Justice of the Peace for Jeff Davis County (hereinafter "Judge Luedeke" or "Luedecke"), one of the Defendants in the above-entitled and numbered cause, and hereby files her Reply Brief in Support of her Rule 12(b)(6) Motion to Dismiss. Because Plaintiff has failed to state a claim upon which relief may be granted, Judge Luedecke is entitled to dismissal as to Plaintiff's claims. In addition, and without waiving the foregoing, Judge Luedecke is entitled to absolute

judicial immunity or alternatively qualified immunity as to each of the Plaintiff's claims.   In support, the Movant shows as follows:

## I.      Arguments and Authorities

### A.      <u>Absolute Judicial Immunity</u>

1.      Judge Luedecke moved to dismiss all claims against her based upon absolute judicial immunity.  A judge generally has absolute immunity from suits for damages.  *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 221 (5th Cir. 2009).  The Fifth Circuit has found that absolute judicial immunity extends and applies to all judges including Texas Justice of the Peace judges. *See, e.g.*, *Brewer v. Blackwell*, 692 F.3d 387, 396 (5th Cir. 1982); *Turner v. Raynes*, 611 F.2d 517 (5th Cir. 1980) (Justice of the Peace entitled to absolute judicial immunity even though he had acted in excess of his jurisdiction in charging for a non-existent crime).  It is equally well established that where a judge's absolute immunity would protect [her] from liability for the performance of particular acts, mere allegations that [she] performed those acts pursuant to a conspiracy will not be sufficient to avoid the immunity.  *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).   Put differently, where a defendant is entitled to immunity for the alleged constitutional violation, she cannot be liable for conspiring to commit that same violation.  *Id.; See also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990).

2.      This absolute immunity applies however erroneous the act and however evil the judge's motive may have been.  *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989).  In *Kegans*, the Supreme Court has described the reasoning behind absolute judicial immunity as follows:

[T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have. . . . If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.  The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.  Nor are suits against judges the only available

means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

3.      Judicial immunity further applies even when the Judge is accused of acting maliciously or corruptly.  *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); *see also Phan v. Hanen*, No. 23-20598, 2024 U.S. App. LEXIS 19017, 2024 WL 3593902, at *1 (5th Cir. July 31, 2024) (unpublished) ("Judicial immunity also applies to acts alleged to have been done corruptly.").  The Fifth Circuit set out four criteria for deciding whether or not acts are within judicial jurisdiction:  (1) Whether the act is a normal judicial function; (2) whether the act occurred in the courtroom or someplace adjacent, like chambers; (3) whether the controversy centered around a case then pending before the court; and (4) whether the act arose directly out of a visit to the judge in his official capacity.  *Diaz v. Cantu*, 123 F.4th 736, 746-47 (5th Cir. 2024).

4.      Plaintiff's Response erroneously contends that Plaintiff had no pending cases before Judge Luedecke at the time of the contempt order and warnings and that, therefore Judge Luedecke's acts were not judicial.  Nevertheless, this argument will need to be taken up at the summary judgment stage.

**B      Qualified Immunity**

5.      Alternatively, Judge Luedecke further moves to dismiss all claims against her based upon qualified immunity.  To the extent that the Court finds that any of Plaintiff's claims were plead with the requisite specificity, and that Judicial Immunity does not dispose of all claims, Judge Luedecke would still be entitled to dismissal based upon qualified immunity.  A governmental official sued in his personal or individual capacity is entitled to assert the defense of qualified immunity.  *Meadowbrier Home for Children, Inc. v. G.B. Gunn,* 81 F.3d 521, 529 (5th Cir.

1996). Specifically, Judge Luedecke would show that the claims against her arose, if at all, from the performance of her duties as a Justice of the Peace for Jeff Davis County. In that regard, Defendant would show that she was acting: (1) within the course and scope of his official governmental duties; (2) pursuant to clearly established law in existence at the time; and (3) without specific malicious intent. Moreover, Plaintiff's Complaint asserts all claims against her in her official capacity acknowledging that she was acting in the course of her governmental duties.

6.      In considering a qualified immunity defense, the Court must determine: (1) whether the Plaintiff has alleged the violation of a clearly established constitutional right under the current state of the law; and (2) if the Plaintiff has alleged such a constitutional violation, the Court must decide whether Defendant Leudecke's conduct was objectively reasonable, measured by reference to the law as it was clearly established at the time of the challenged conduct. *Id.* This doctrine "balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808 (2009).

7.      "When a defendant raises a qualified immunity defense, the defense is presumed to apply, and the plaintiff bears the burden of demonstrating the inapplicability of that defense." *Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 534 F. Supp.3d 682, 690 (N.D. Tex. 2021) (citing *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012)). To satisfy this burden on a motion to dismiss, "plaintiffs must successfully allege that the defendants 'violated a statutory or constitutional right, and that the right was 'clearly established' at the time of the challenged conduct.'" *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021) (quoting *Morgan v. Swanson*,

659 F.3d 359, 370 (5th Cir. 2011)) (cleaned up).  Here, Judge Luedecke has asserted her qualified immunity defense, so the burden is on Plaintiff to plead sufficient facts, more than labels and conclusions and a formulaic recitation of the elements of a cause of action, showing the inapplicability of that defense.

**C.**     **The First Amendment Retaliation Claims Should Be Dismissed Under Rule 12(b)(6)**

8.     In addition, and without waiving the foregoing absolute immunity and qualified immunity defenses, Judge Luedecke moves for dismissal under Rule 12(b)(6) because the Complaint fails to plausibly allege Judge Luedecke's personal involvement in the complained of acts beyond mere conclusory allegations and legal conclusions.  Count I alleges First Amendment retaliation claims against Judge Luedecke and four other Defendants.  Defendants specifically named are Ruiloba, Evans, Luedecke, Eisen and Merritt.  In the present case, the only factual allegations contained in the Complaint regarding Judge Luedecke in regards to First Amendment Retaliation are contained in paragraph 143 of the Complaint [ECF No. 1 at Para 143].  The allegations are that Judge Luedecke: (1) attempted illegal detention; (2) sent some secret law enforcement alert; (3) issued false warning notices; and (4) allegedly filed baseless criminal charges.  Each will be discussed below.

9.     To assert a First Amendment retaliation cause of action, a plaintiff must allege facts to plausibly support a showing that: (1) the plaintiff was engaged in constitutionally protected activity; (2) the government actor's action caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the actor's adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected activity.  *Batyukova v. Doege*, 994 F.3d 717, 730 (5th Cir. 2021).  While the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for speaking out, because someone is engaging in free speech does not mean officials cannot

execute their law enforcement duties.  *Grisham v. Valenciano*, 93 F.4th 903, 909 (5th Cir. 2024); *Hartman v. Moore*, 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006).  "Rather, officers cannot execute their law enforcement duties ... in retaliation of speech or as imposed censorship."  *Grisham*, 93 F.4th at 909*; Daywalt v. Blanquiz*, No. SA-24-CV-00222, 2025 U.S. Dist. LEXIS 47077, 2025 WL 1090917, at *7 (W.D. Tex. Feb. 13, 2025), report and recommendation adopted, 2025 U.S. Dist. LEXIS 46035, 2025 WL 799514 (W.D. Tex. Mar. 12, 2025).  Thus, a first amendment retaliation cause of action is only applicable "when non-retaliatory grounds are in fact insufficient to provoke the adverse consequences."  *Hartman v. Moore*, 547 U.S. 250, 256 (2006).  In the present case, there were such non-retaliatory bases and dismissal is warranted.

**D.    The Malicious Prosecution Claim Should Be Dismissed Under Rule 12(b)(6)**

10.    Count V of the Complaint contains a malicious prosecution claim against Judge Luedecke.  In addition, and without waiving the foregoing absolute immunity and qualified immunity defenses, Judge Luedecke moves for dismissal under Rule 12(b)(6) because the Complaint fails to plausibly allege Judge Leudecke's personal involvement in the complained of acts beyond mere conclusory allegations and legal conclusions.  The Complaint alleges that Judge Luedecke filed charges against the Plaintiff.  It is true that Judge Luedecke made a complaint about the criminal conduct.  While the Complaint attempts to suggest that another Defendant may have made some purported comments which the Plaintiff argues was that individual's or the county's motive there is no allegation of any ulterior motive by Judge Luedecke.  Fundamentally, a Section 1983 claim must be based upon a defendant's actual participation in an event that causes a violation of civil rights.  *See Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980).  "Personal involvement is an essential element

of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).
Plaintiff is unable to allege sufficient facts to show any personal involvement by Judge Luedecke
other than filing the charges.

11.    The Supreme Court recently held in 2022 that litigants may bring a Fourth Amendment
malicious prosecution claim under § 1983. *Thompson v. Clark*, 142 S. Ct. 1332, 1337, 212 L.
Ed. 2d 382 (2022).   The Court identified three minimum elements to common law malicious
prosecution claims, "(i) the suit or proceeding was 'instituted without any probable cause'; (ii) the
'motive in instituting' the suit 'was malicious,' which was often defined in this context as without
probable cause and for a purpose other than bringing the defendant to justice; and (iii) the
prosecution." Terminated in favor of the accused. *Id.* at 1338 (citing T. COOLEY, LAW OF
TORTS 181 (1880)).   In the present case, Plaintiff's Complaint fails to allege that either of the
charges were instituted (1) without probable cause and (2) with malice.  Because Plaintiff has not
plausibly alleged that Judge Luedecke had no probable or plausibly alleged facts showing that
Judge Luedecke acted with malice, this claim should be dismissed as to Judge Luedecke.

**E.    The Civil Rights Conspiracy Claim Must be Dismissed as to Defendant Luedecke**

12.    Count VI alleges a "Civil Rights Conspiracy" against all Defendants.  In the present case,
the only factual allegations regarding a purported conspiracy and identifying the alleged co-
conspirators are contained in paragraph 193 of the Complaint [ECF No. 1 @ para. 193].  There,
it is alleged "Defendants Evans, Lopez, Eisen and Luedecke—all elected officials and final
policymakers—reached a meeting of the minds to achieve the unlawful objective of suppressing
Flash's journalism through prior restraint and retaliation for exercising free speech." *Id.*
Plaintiff's claims, however, are nothing more than legal conclusions that the courts have

uniformly held are insufficient and need not be considered by the courts. *Twombly,* 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986).

13.     While a conspiracy to violate civil rights is actionable under § 1983, to state a § 1983 conspiracy claim, a plaintiff must allege specific facts which show an agreement and concerted action amongst the defendants. To prove a conspiracy under § 1983, a plaintiff must show (1) an agreement between the defendants to commit an illegal act and (2) an actual deprivation of constitutional rights. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). As stated by the Fifth Circuit in *Cannatella:* "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. ***Bald allegations that a conspiracy existed are insufficient***." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (emphasis supplied). A plaintiff's evidence, "when 'placed in a context must raise a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.'" *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (internal quotations omitted).

14.     Plaintiff's Complaint alleges that "Eisen's himself supplied the agreement on the record, admitting the campaign against Flash was 'motivated by our coverage'." However, the comments were not attached or provided in the Complaint because Plaintiff has taken an overly general interpretation of those comments which are taken completely out of context. Again, these allegations are not well pleaded factual assertions but are purely "conclusory allegations, unwarranted factual inferences, or legal conclusions" that this Court need not accept as true at the 12(b)(6) stage. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

15.     In assessing the plausibility of such an "agreement," the district court should find insufficient "an allegation of parallel conduct and a bare assertion of conspiracy." *Id.* The

Complaint in this case is just that:  a bare allegation of some purported conspiracy and conduct that is just as likely parallel conduct.  The allegations in the Complaint do not plausibly allege liability against Judge Luedecke since Plaintiff's legal conclusions couched as factual allegations that this Court is "not bound to accept as true."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Therefore, Plaintiff's conspiracy claim against Luedecke should be dismissed for failure to state a claim under Rule 12(b)(6).

**F.    The State Law Abuse of Process (Count XII) & All State Law Claims Must be Dismissed as to Defendant Luedecke**

16.    Count XII of the Complaint includes state law claims against Judge Luedecke for Abuse of Process.  [ECF No. 1 @ paras 264-267].  All state law claims against all Defendants including Judge Luedecke must be dismissed as a matter of law based upon the election of remedies contained in the Texas Civil Practice & Remedies Code.

17.    Section 101.106(a) of the Texas Tort Claim Act states that "if a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."  Texas Civil Practice and Remedies Code, Section 101.106 (a).  Plaintiff's reply asserts that the abuse of process claim does not arise under the Texas Tort Claims Act.  However, the Texas Supreme Court has held that the term "under this chapter" applies to "***all tort theories*** alleged against a governmental unit whether it is sued alone or together with its employees..."  *Mission Consolidated Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).  Thus, as is clear from the statute, "under the TTCA's election scheme, recovery against an individual employee is barred and may be sought against the governmental unit... when suit is filed against both governmental unit and its employees..." *Id*.

9

18.    Additionally, the Texas Supreme Court has cautioned that "because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from a governmental unit or from the employee individually." *Id*. As Defendant Jeff Davis County has filed its Motion to Dismiss specifically invoking Section 101.106 [ECF No. 13], this Court must dismiss the state law claims against Defendant Luedecke. Section 101.106(e), Texas Civil Practice and Remedies Code.

19.    "[A] suit under the Tort Claims Act against a governmental unit bars a same-subject-matter suit against an employee in both the employee's official and individual capacities. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 275 S.W.3d 379, 401 (Tex. App.—Fort Worth 2008, no pet.); *see also Cox v. City of Fort Worth, Tex.,* 762 F.Supp. 2d 926, 933 (N.D. Tex. 2010). In construing Section 101.106, the Texas Supreme Court held that the purpose of revisions to the section "was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Garcia*, 253 S.W.3d at 657 (internal citations and footnote omitted). "The statute's purpose is clear: the plaintiff may sue the governmental entity or its employees for alleged conduct, **but not both**." *Cox*, 762 F.Supp 2d at 933 (emphasis supplied). As such, the State Law Abuse of Process claim must be dismissed against Luedecke. See *Bustos v. Martini Club,* 599 F.3d 458, 463-64 (5th Cir. 2010) (when a plaintiff brings virtually any state common law tort claim against both a governmental unit and its employee, 101.106(e) will allow the employee defendants to be dismissed if the governmental unit so moves specifically including intentional torts) See also, *Doe v. Prosper Indep. Sch. Dist*, 2025 U.S. Dist LEXIS 205764 (S.D. Tex. October 20, 2025) ("Whether intentionally or not," Plaintiffs made an election that makes "dismissal of the common law tort claims against [Defendant] . . .

unavoidable." *Salazar v. Alcoser*, No. SA-13-CA-940, 2014 U.S. Dist. LEXIS 196962, 2014 WL 12489686, at \*2 (W.D. Tex. Apr. 28, 2014). The Texas Tort Claims Act "is unambiguous and the result preordained." *Turner v. Criswell*, No. 419-CV-00226-ALM-CAN, 2020 U.S. Dist. LEXIS 23259, 2020 WL 1901086, at \*9 (E.D. Tex. Jan. 6, 2020) (quoting *Salazar*, 2014 U.S. Dist. LEXIS 196962, 2014 WL 12489686, at \*2) (dismissing state tort claims under election-of-remedies provision), *report and recommendation adopted*, No. 4:19-CV-226, 2020 U.S. Dist. LEXIS 22186, 2020 WL 613963 (E.D. Tex. Feb. 10, 2020)).

**G.       All Official Capacity Claims Against Attorney Luedecke Must be Dismissed**

20.      In addition, and without waiving the foregoing, Defendant Luedecke also moves for dismissal of all of the claims against her in her "Official Capacity" under Rule 12(b)(6) for failing to state a claim.  Plaintiff's Complaint brings claims against Attorney Judge Luedecke in both her individual capacity as well as in her official capacity as the Justice of the Peace for Jeff Davis County.  [ECF No. 1].  The § 1983 claims against a governmental employee in her official capacity are the equivalent of claims against the governmental entity she serves, here Jeff Davis County, Texas.  *Ashe v. Corley*, 992 F.2d 540, 541 n.1 (5th Cir. 1993) (internal citations omitted) (noting that the proper defendant was only the county since the county sheriff was sued in his "official capacity" and since a lawsuit against a county official in his official capacity is the equivalent of an action against the county.) (*citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (U.S. 1989)).  In *Will*, the Supreme Court held that a suit against a state official in his official capacity is not a suit against the official but rather a suit against the official's office.  *Id*.

21.      Jeff Davis County, Texas has been named as a Defendant in this case. [ECF No. 1].  The claims against Judge Luedecke in her official capacity as Justice of the Peace for Jeff Davis County are simply claims against Jeff Davis County, Texas.  Dismissal of official capacity

claims are proper if they are duplicative of claims asserted against the County. As such, the official capacity claims are duplicative, unnecessary and fail to state a valid claim upon which relief can be granted. Therefore, the claims against Judge Luedecke in her official capacity should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant, JUDGE MARY ANN LUEDECKE prays that all claims against her be dismissed based upon absolute Judicial Immunity, in the alternative that all claims against her be dismissed based upon Qualified Immunity, alternatively that all claims be dismissed against her based upon Rule 12(b)(6), alternatively that all claims against her in her Official Capacity be dismissed based upon duplicity and that fact that those claims are actually against Jeff Davis County, Texas and that all state law claims against her be dismissed based upon the election of remedies provision from Section 101.106 of the Texas Civil Practice & Remedies Code. Defendant further seeks to be awarded her costs and have such other and further relief, general and specific, at law and in equity, to which Defendant may show herself justly entitled.

Respectfully submitted,

**WINDLE, HOOD, NORTON,**
**BRITTAIN & JAY, LLP**
One San Jacinto Plaza, Suite 1350
201 East Main Drive
El Paso, Texas 79901
(915) 545-4900
(915) 545-4911

By:/s/ Eric M. Brittain
   **Eric M. Brittain**
   State Bar No.: 00783724
   Attorney for Defendant
   JUDGE MARY ANN LUEDECKE

## CERTIFICATE OF SERVICE

I, Eric M. Brittain, hereby certify that on this the 20th day of March, 2026, a true and correct copy of the following document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record.

/s/ Eric M. Brittain
**Eric M. Brittain**